# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DONALD BILLINGSLEY,

    Petitioner,

v.

JOHN HAVILAND, WARDEN,

    Respondent.

CASE NO. 2:17-CV-00951
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Preliminarily, Petitioner has submitted his *Affidavit* of indigence and requests to proceed *in forma pauperis*. Upon consideration, the Court finds that Petitioner's motion is meritorious, and it is therefore **GRANTED**.

**IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d)**.**

**Facts and Procedural History**

Petitioner challenges his December 22, 1992 convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on one count of attempted rape and one count of burglary. The trial court imposed an aggregate term of eight-to-fifteen years, with such sentence to be concurrently with his sentence in another criminal case. Petitioner did not file an appeal or pursue other state collateral relief.

On October 19, 2017, Petitioner executed this *pro se* § 2254 *Petition*. He asserts that he is being unconstitutionally required to register as a sex offender, as the trial court never advised him that he would be required to register as a sex offender and did not include this requirement in his *Entry* of sentence. Petitioner also claims that he was not competent to enter the guilty plea. He maintains that he has been subjected to successive illegal sentences and is the victim of a manifest miscarriage of justice. Petitioner further asserts that his sentence violates the Double Jeopardy Clause and the Ex Post Facto Clause. He seeks an evidentiary hearing and the appointment of counsel.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Where, as here, a prisoner's conviction became final prior to the effective date of the AEDPA, he has one year from the effective date of the Act, or until April 24, 1997, within which to file the habeas corpus petition. *See Banks v. Ohio*, 238 F.Supp.2d 955, 956 (S.D. Ohio Oct. 31, 2002); *Goodballet v. Mack*, 266 F.Supp.2d 702, 705 (N.D. Ohio March 14, 2003) (citing *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001)); *Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000). Petitioner waited more than twenty years and six months later to file this habeas corpus petition. Further, the record fails to reflect that equitable tolling of the statute of limitations is appropriate. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing (citing *Pace*, 544 U.S. at 418)).

## Recommended Disposition

It is therefore **RECOMMENDED** that this action be **DISMISSED** as barred by the one-year statute of limitations.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE