# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DONALD BILLINGSLEY,**

    **Petitioner,**

    v.

**JOHN HAVILAND, WARDEN,**

    **Respondent.**

**CASE NO. 2:17-CV-00951**
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

On October 30, 2017, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the petition for a writ of habeas corpus be dismissed as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d)**. (**Doc. 7.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (Doc. 8.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 8) is **OVERRULED**. The *Report and Recommendation* (Doc. 7) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action as time-barred. He asserts that he was denied the effective assistance of counsel, that his guilty plea was not knowing, intelligent or voluntary in view of his mental health issues and incompetence, which constitutes extraordinary circumstances justifying equitable tolling of the statute of limitations. Petitioner states that he is currently housed in a mental health institution at the Allen Correctional Facility, taking psychotropic medication, which has prevented him from timely

filing. He maintains that he has acted diligently in pursuing relief, and refers to his *pro se* incarcerated status as grounds for equitable tolling of the statute of limitations. Petitioner also indicates the state courts did not advise him that he would be required to register as a sex offender and re-sentenced him after he had completed 14 years of his sentence.

However, Petitioner has provided neither the date of any such re-sentencing hearing, nor a copy of any judgment entry of sentence subsequent to his December 22, 1992, guilty plea. *Entry* (Doc. 1-1, PageID# 14.) Moreover, even assuming, *arguendo*, that he did so, the one-year statute of limitations nonetheless would have long since expired. However, based on the allegations set forth in the *Petition*, the statute of limitations expired in April 1997, more than twenty years and six months prior to the filing of this action. Moreover, Petitioner has failed to demonstrate that equitable tolling of the statute of limitations is warranted. In order to demonstrate that he is entitled to equitable tolling of the statute of limitations, the Petitioner must establish that he has diligently pursued relief and that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. Ata v. Scutt, 662 F.3d 736, 741 (6th Cir. 2011). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of

the statute of limitations. *Hall,* 662 F.3d at 751 (citation omitted); *see also Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (citations omitted). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Groomes v. Parker,* No. 3:07–cv–0124, 2008 WL 123935, at *5 (M.D. Tenn. Jan. 9, 2008) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). Further,

> [t]o obtain equitable tolling based on mental incompetency, "a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata*, 662 F.3d at 742. However, equitable tolling should be applied "sparingly," id. at 741, and mental incompetency is not a per se reason to toll the statute of limitations. *McSwain v. Davis*, 287 Fed.Appx. 450, 456 (6th Cir.2008). Rather, a petitioner must show "a causal link between the mental condition and untimely filing." *Ata*, 662 F.3d at 742. The burden of production and persuasion rests on the petitioner to show he or she is entitled to equitable tolling. *Id*. at 741.

*Kitchen v. Bauman*, 629 Fed.Appx. 743, 747 (6th Cir. 2015). Petitioner has failed to meet this burden here.

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (Doc. 8) is **OVERRULED**. The *Report and Recommendation* (Doc. 7) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* —–U.S. —––. —––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

This Court is not persuaded that reasonable jurists would debate the dismissal of this action as time-barred. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Date: November 13, 2017

                                                   _____s/James L. Graham_____
                                                   JAMES L. GRAHAM
                                                   United States District Judge